UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ELAINE CONNOR, and ROBERT CONNOR,

Plaintiffs,

v.                    409CV037

TJX COMPANIES, INC., d/b/a T.J. MAXX,

Defendant.

# ORDER

## I. BACKGROUND

Plaintiff Elaine Connor was injured when she slipped in a puddle of liquid on the floor of Defendant TJX Companies, Inc.'s (hereinafter "T.J. Maxx") Savannah store. Doc. # 1-1 at 3-4. She and her husband, Robert Connor, brought this action for damages, alleging premises liability and failure to warn pursuant to Georgia law.[1] *Id.* at 4-5. Plaintiff Robert Connor has additionally alleged a claim for loss of consortium following his wife's injury. *Id.* at 5. Presently before the Court is Defendant T.J. Maxx's motion for summary judgment, doc. # 17, to which Plaintiffs have filed a response, doc. # 19.

In a nutshell, T.J. Maxx urges that Plaintiffs cannot show, as they must, that Defendant had knowledge of the spilled liquid, and therefore summary judgment must be granted in Defendant's favor. Doc. # 17-1 at 1-2. In response, Plaintiffs urge that summary judgment is improper, as a jury issue remains regarding whether T.J. Maxx had constructive knowledge of the spill due to a failure to exercise reasonable care in inspecting and keeping the premises in a safe condition. Doc. # 19 at 2, 5.

## II. LEGAL PRINCIPLES

Summary judgment is appropriate where the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). In determining whether summary judgment is appropriate, the facts and inferences from the record are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

"To prove negligence in a slip and fall premises liability case, the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it." *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 747 (1999). Here, Plaintiffs have conceded that they cannot prove that T.J. Maxx had actual knowledge of the spill that caused Elaine Connor's fall. Doc. # 19 at 1. Thus, they must establish constructive knowledge, by showing that (1) a store employee was in the immediate area of the hazard and could have easily seen the substance or (2) the foreign substance remained long enough that ordinary diligence by the store employees should have discovered it. *Davis v. Bruno's Supermarkets, Inc.*, 263 Ga. App. 147, 148 (2003).

---

[1] This case was originally filed in the State Court of Chatham County, Georgia. *See* doc. # 1-2. T.J. Maxx removed the action to this Court, however, on the basis of this Court's diversity jurisdiction, 28 U.S.C. § 1332. Doc. # 1.

Plaintiffs concede that they cannot prove constructive knowledge by showing that one of T.J. Maxx's employees was in the immediate vicinity when Elaine Connor fell. Doc. # 19 at 1. Thus, they rely on the second method of demonstrating constructive knowledge. Regarding that method, the Georgia Court of Appeals has explained:

> Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident. In addition, to withstand a motion for summary judgment, the plaintiff need not show how long the hazard had been present unless the owner has demonstrated its inspection procedures.

*Shepard*, 241 Ga. App. at 748 (quotes and cites omitted).

Thus, the threshold issue for the Court is whether Defendant has shown that it had a reasonable inspection procedure that was carried out on the date of Elaine Connor's fall.

III. **ANALYSIS**

T.J. Maxx included with its motion certain transcript excerpts from the deposition of Kristine Auberry, the on-duty manager at the time of Elaine Connor's fall. Doc. # 17-1 at 20-25. With respect to T.J. Maxx's general inspection procedures, Auberry testified that when the fall occurred, the store operated under a "general verbal understanding" that, each day, the on-duty manager would perform one inspection at 7:00 a.m. and another at 8:30 a.m. (before the store's 9:30 a.m. opening), another inspection at 11:30 a.m., another at 12:30 p.m., another at 3:00 pm., and another at 4:00 p.m. Doc. # 17-1 at 23. Auberry testified that the store closed at 9:30 p.m. each day. *Id.* Auberry explained that in completing those six inspections, the manager "would[] [not] go down ... every single aisle," but would walk the main walkways and, while walking, would look down the individual aisles "basically to make sure there[] [was] nothing flung over the racks or on the floor that need[ed] to be recovered." *Id.* Auberry also testified that ongoing inspections occurred "as needed throughout ... the day as well." *Id.*

"Whether an inspection procedure is reasonable as a matter of law varies case-to-case, depending on the nature of the business, the size of the store, the number of customers, 'the nature of the dangerous condition, and the store's location.'" *Food Lion, Inc. v. Walker*, 290 Ga. App. 574. 576 (2008) (quoting *Shepard*, 241 Ga. App. at 748).

Even assuming that this unwritten "general verbal understanding" regarding the times that the floors should be inspected qualifies as an "inspection policy," summary judgment cannot be granted unless the policy is determined, as a matter of law, to be a "reasonable" one. The Georgia Supreme Court has warned that "[w]here reasonable minds can differ as to the conclusion to be reached with regard to questions of whether an owner/occupier breached the duty of care to invitees ... summary adjudication is not appropriate." *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1997).

In some cases, courts have found inspection procedures reasonable as a matter of law where the inspections of the particular area were scheduled at short

2

enough intervals that an inspection had occurred within some 10-30 minutes before the fall. *See, e.g., Hopkins v. Kmart Corp.*, 232 Ga. App. 515 (1998) (Kmart met its burden of showing compliance with reasonable inspection procedures where manager swore that he checked the check-out lane areas every 30 minutes, and there was evidence that Kmart trained its employees on safety procedures); *Queen v. Kroger*, 191 Ga. App. 249, 250 (1989) (no issue regarding reasonableness where employee testified that it was his practice to sweep the department every fifteen to twenty minutes, and he had actually swept area of the fall some ten to twenty minutes before the fall).[2] In cases involving longer delays between scheduled inspections (especially where those delays indicated that the hazardous substance could have been on the floor for more than a brief period of time), most courts have denied summary judgment, finding the reasonableness inquiry to be one for the jury and not the court. *See, e.g., Davis*, 263 Ga. App. at 147, 150 (finding that the reasonableness of the store's inspection procedures was "for the jury to determine" where the manager's affidavit stated that the store "regularly and routinely inspects its store floors to ensure that they are clean and dry and free of any debris every 15-45 minutes" and that the "cleaning inspection process is done at least hourly"); *J.H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 470 (1999) (jury issue regarding reasonableness remained where the inspection policy required floors to be swept and spot-mopped at least every two hours, or more often as needed, and evidence showed the last sweep had occurred one hour and forty-two minutes before the fall); *Hutchins v. J.H. Harvey Co.*, 240 Ga. App. 582, 586 (1999) (refusing to conclude that inspection procedure was reasonable as a matter of law where policy required floors to be swept every two hours, and evidence showed that the last sweep had occurred some one hour and fifteen minutes before the fall); *Shepard*, 241 Ga. App. at 748-49 ("[A]n inspection may be required more frequently than every 30 minutes."). Moreover, the fact that employees have been given a general instruction to keep an eye out for hazards while working typically has not been held to render a policy reasonable as a matter of law. *KMart Corp. v. Jackson*, 239 Ga. App. 176, 178 (1999).

The Court cannot say that, as a matter of law, T.J. Maxx's unwritten "policy" was reasonable. Although in some instances two inspections were scheduled within an hour of each other, in other instances, three or more hours could pass without a scheduled inspection (i.e., three hours between the 8:30 a.m. and the 11:30 a.m. inspections, and five and a half hours between the last scheduled inspection -- at 4:00 p.m. -- and the store's 9:30 p.m. closing). While the policy may indeed ultimately be deemed reasonable by a fact-finder, in light of the case law discussed above, the Court cannot presently declare that it is reasonable *as a matter of law*.

---

[2] As these cases demonstrate, "[i]n cases where a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, [Georgia courts] have held that the inspection procedure was adequate as a matter of law." *Wallace v. Wal-Mart Stores*, 272 Ga. App. 343, 346 (2005). Such a determination is not possible in this case, however, as the parties dispute the particular time of day at which Elaine Robinson's fall occurred; T.J. Maxx contends it occurred at noon, doc. # 17-1 at 3, while Connor insists it occurred at 2:30 p.m., doc. # 19 at 2-3. This material issue of fact precludes the Court from even considering whether an inspection had occurred within a reasonably "brief period" prior to the fall. (If the fall occurred at noon, the last inspection would have been scheduled to have occurred 30 minutes prior, at 11:30 a.m.. But if the fall occurred at 2:30 p.m., some two hours would have passed since the last inspection was scheduled to occur, at 12:30 p.m.)

Indeed, in reversing a trial court's grant of summary judgment to a movie theater, Georgia's highest court recently stated, "[I]ssues such as how closely a particular retailer should monitor its premises and approaches, [and] what retailers should know about a property's condition at any given time ... are [both] questions that, in general, *must be answered by juries* as a matter of fact rather than by judges as a matter of law." *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 445 (2009). This case does not involve the sort of rigorous inspection schedule that typically warrants a determination of "reasonableness as a matter of law." Because a genuine issue of material fact exists regarding whether the policy was reasonable, T.J. Maxx could be found to have had constructive knowledge about the spill. As a result, summary judgment is not appropriate at this stage.

Additionally, and perhaps more importantly, T.J. Maxx has not met its burden of proving that it actually carried out the allegedly reasonable policy on the date of the slip and fall, another factor precluding summary judgment. *Shepard*, 241 Ga. App. at 748. At the beginning of her deposition, Auberry admitted that she remembered "very little" about Elaine Connor's fall. Doc. # 17-1 at 21. Later in her deposition, she explained that the inspections did not always occur at the scheduled times. *Id.* at 24. She was only able to state that, *assuming* she had followed the inspection policy that day, she would have undertaken an inspection at 11:30 a.m. and 12:30 p.m. *Id.* Nowhere in the deposition excerpts does Auberry state that she indeed performed the 11:30 a.m. and 12:30 p.m. inspections. Nor does T.J. Maxx aver in its brief that Auberry ever made such a declaration. *See* doc. # 17-1 at 9 ("Admittedly Ms. Auberry testified on behalf of T.J. Maxx that she remembered very little of the fall. She was able to testify that regular inspections occurred at T.J. Maxx."); *Boss v. Food Giant, Inc.*, 193 Ga. App. 434, 434 (1989) (material issue of fact precluding summary judgment where there was no evidence that store's inspection policy had been carried out on day in question); *Food Giant, Inc. v. Cooke*, 186 Ga. App. 253, 255 (1988) ("If appellant's manager cannot state that she was adhering to her customary inspection procedure on the specific day in question, the mere existence of such customary procedures would prove nothing.").

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant T.J. Maxx's motion for summary judgment is ***DENIED***. Doc. # 17. T.J. Maxx's request for oral argument, doc. # 17-3, is therefore likewise ***DENIED***.

This day of 8 March 2010.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA